BARHAM, Justice.
Defendant, James A. Wilson, was tried and convicted of aggravated battery. R.S. 14:34. He was sentenced to serve two years in the Ouachita Parish Jail. On this appeal, one bill of exceptions has been perfected.
During the voir dire examination of a prospective juror it was disclosed that the juror was a personal friend of two deputy sheriffs who were in no way connected with this case. On this ground, defense counsel sought to challenge the juror for cause. The trial judge then questioned the prospective juror and determined that the juror’s friendship with these two officers would not influence him in his evaluation of the evidence presented against the defendant. The challenge for cause was then overruled.
In his per curiam to this bill, the trial judge correctly states:
“This bill was taken to the overruling of a challenge for cause of a prospective *320 juror on the ground that he admittedly was a friend of several police officers. Upon questioning by the Court, the juror said that he did not know the particular officers who were to be witnesses, and further, that he knew nothing about the case and could judge the case impartially. State v. Douglas, 256 La. 186, 235 So.2d 563 (1970).”
The trial judge was correct in denying the challenge for cause.* This bill is without merit.
We fail to find reversible error from an examination of the pleadings and proceedings. C.Cr.P. Art. 920.
The conviction and sentence are affirmed.

 The juror was sworn after the challenge for cause was overruled and defendant had reserved his bill of exceptions. After being sworn, the juror voluntarily told the Court that he was a claustrophobe. The juror explained that under certain circumstances he might need to get out of a room. With the court’s permission, defense counsel asked the juror, “Would this affect your fair and impartial verdict? ” The juror answered, “I’ll judge the man on the evidence I hear, but like I said if I want to get out I’ll make a door.” The court told the juror if the situation required his departure, that his knock on the door would receive the response of an opening of the door by the attending deputy. This satisfied the juror. Defense counsel made no objection and no attempt to challenge after this exchange. Although this colloquy is argued as part of defendant’s bill in brief, it is not before us for review under the bill of exceptions reserved.